FILED

2016 May-03  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**JAMES ROBERT THOMPSON, JR.,**

      **PLAINTIFF,**

**v.**

                         **CIVIL ACTION NO.**
                         **2:16-cv-00177-JHE**

**BROOKSTONE BUILDING
COMPANY, LLC.,
and MIKE WHITCOMB,**

      **DEFENDANTS.**

## PLAINTIFF'S MOTION TO DISMISS COUNT II
## OF DEFENDANTS' COUNTERCLAIM

COMES NOW the Plaintiff, by and through undersigned counsel, and submits this Motion to Dismiss Count II of Defendant's Counterclaim (Doc. 9) and Amendment to Defendant's Counterclaim (Doc. 15).

1.      On January 29, 2016, as permitted by the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.), Plaintiff filed his Complaint against Defendants asserting claims of unpaid overtime compensation.  (Doc. 1).

2.      On March 21, 2016, Defendants filed their Answer to Plaintiff's Complaint.  (Doc. 9).  Defendants also asserted a counterclaim with two counts: (1)

violation of the Computer Fraud and Abuse Act, and (2) Breach of a Non-Competition Agreement. (Doc. 9).

3.     On April 27, 2016, Defendants filed an Amendment to the Counterclaim seeking a temporary restraining order and permanent injunction. (Doc. 15).  Defendants contemporaneously filed a motion for an emergency hearing and a motion for a restraining order.  (Docs. 14, 16).

4.     On April 29, 2016, this Court denied Defendants' motion for a temporary restraining order.  (Doc. 18).

5.     Plaintiff has contemporaneously filed an Answer to Defendants' Counterclaim with the present motion.  Plaintiff's present motion addresses only Count II of Defendants' Counterclaim.

6.     Defendants' Counterclaim states in Count II that Plaintiff has breached a non-competition agreement.  Defendants submitted a copy of the non-competition agreement in its Answer and Counterclaim (Doc. 9, p. 19) and in its motion for emergency hearing.  (Doc. 14, p. 27).

7.     On January 1, 2016, the Restrictive Covenant Act went into effect and applied to all actions filed after that date.  (See Ala. Code § 8-1-1, Section 10).[1]  The purpose of the law was to clarify and restate the law regarding restrictive covenants. Defendants filed their counterclaim on March 21, 2016.  Count II of Defendants'

---

[1] House Bill 352 was signed by Governor Bentley and enacted on June 11, 2015.

counterclaim seeking remedies pursuant an alleged breach of the non-compete agreement is governed by the existing statute that went into effect on January 1, 2016.

8.      The new act states that "[e]very contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind otherwise than is provided by this section is to that extent void."  (Ala. Code § 8-1-1, Section 1(a)). Defendants' severance agreement is not valid as a matter of law unless it fits into the statutory exceptions.

9.      Section 1(b) of Alabama Code § 8-1-1 went on to delineate how contracting parties may fall into the exception of Section 1(a).  When applied to the existing statute in effect, Defendants' noncompetition agreement fails on the four corners of the document.

10.     Section 1(b)(1) of the Act states in relevant part as follows:

"A contract between … a person and a business limiting their ability to hire or employ the agent, servant or employee of a party to the contract is permitted where the agent, servant, or employee holds a position uniquely essential to the management, organization, or service of the business."

Defendants cannot identify any provision in the alleged "severance agreement" that limited Thompson's ability to hire or employ any of Defendants' agents, servants or employees.  Defendants cannot enforce the "Severance Agreement" based on this exception.

3

11.    Section 1(b)(2) of the Act states as follows:

"An agreement between two or more persons or businesses or a person
and a business to limit commercial dealings to each other."

Defendants' title to the contract before the Court is "Severance Agreement."

Clearly, Defendant's counterclaim is not applicable to the exception as stated in

Section 1(b)(2) of the Act.

12.    Section 1(b)(3) of the Act states as follows:

"One who sells the good will of a business may agree with the buyer to
refrain from carrying on or engaging in a similar business and from
soliciting customers of such business within a specified geographic
area so long as the buyer, or any entity deriving title to the good will
from that business, carries on a like business therein, subject to
reasonable time and place restraints. Restraints of one year or less are
presumed to be reasonable."

Defendants' counterclaim makes no allegation that Plaintiff sold it a business.

Defendant's counterclaim is not applicable to the exception as stated in Section

1(b)(3) of the Act.

13.    Section 1(b)(4) of the Act states as follows:

"An agent, servant, or employee of a commercial entity may agree with
such entity to refrain from carrying on or engaging in a similar business
within a specified geographic area so long as the commercial entity
carries on a like business therein, subject to reasonable restraints of time
and place. Restraints of two years or less are presumed to be
reasonable."

Plaintiff concedes that he is a former employee of Defendants.  Defendant has also

admitted Plaintiff is an employee as defined by the FLSA.  (See Doc. 1, ¶2; Doc. 9,

4

¶2). Defendants are likely a commercial entity as proscribed by the Act. However, Defendants' "Severance Agreement" has failed to identify any specific geographic area in which Plaintiff is prohibited from conducting a similar business. Defendants' "Severance Agreement" has failed to identify any specific length of time from which Plaintiff is prohibited from conducting business with the customers identified in Paragraph 5 of the "Severance Agreement."

14.    Section 1(b)(5) of the Act states as follows:

"An agent, servant, or employee of a commercial entity may agree with such entity to refrain from soliciting current customers, so long as the employer commercial entity carries on a like business therein, subject to reasonable time restraints. Restraints of 18 months or for as long as post-separation consideration is paid for such agreement, whichever is greater, are presumed to be reasonable."

Plaintiff concedes that he is a *former* employee of Defendants. The Defendants alleged that Plaintiff's employment with Defendant ended on October 12, 2015. (Doc. 9, p. 9, ¶7 of Counterclaim).    Defendants cannot assert a position that continued employment is adequate consideration for the signing of the agreement as the document is title "Severance Agreement" and signed three days after the date of termination. Defendants' "Severance Agreement" has failed to identify any specific length of time from which Plaintiff is prohibited from conducting business with the *specific* customers identified in Paragraph 5 of the "Severance Agreement."[2]

---

[2] Plaintiff does not concede that Defendant has identified a protectable interest as defined by Section 2(a) of the Act. Plaintiff only acknowledges that Paragraph 5 of the Severance Agreement

5

Defendants' contract also prohibits Plaintiff from contacting any person or entity currently doing business with Defendant. Defendants' contract appears to take the position that any future customer or business it contracts with is now forever "off limits" to Plaintiff. Pursuant to the four corners of the document, Defendants "Severance Agreement" is an unlawful restraint of trade.

Defendants' "Severance Agreement" fails as a matter of law: "In order to be valid, any contract or agreement executed pursuant to this act shall be reduced to writing, **signed by all parties** and **supported by adequate consideration**." (Ala. Code § 8-1-1, Section 3). As clearly seen in Defendants' submission to the Court, no corporate officer of Brookstone Building Company, LLC signed the agreement. Additionally, Defendant Mike Whitcomb did not sign the agreement. The non-competition agreement that fails to specify any time restraints essentially seeks to enforce the agreement for all time in regard to any customer that does business with Brookstone Building Company, LLC *ever*. Defendants' argument to enforce this contract for this length of time is not supported by adequate consideration. Defendants offered Plaintiff approximately $3,750.00 to refrain from engaging in a competing business with known and unknown customers for all time. Essentially, Defendants' argument is that Plaintiff may not engage in his current job skills. As

_____

is presumed to be valid for purposes of stating the allegations in the pleadings in the light most favorable to the nonmoving party.

6

the Act states, "Job skills in and of themselves, without more, are not protectable interests."   (See Ala. Code § 8-1-1, Section 2(b)).   Defendants' "Severance Agreement" on its face, fails to state any valid enforceable provisions.

15.    Section 1(b)(6) of the Act states as follows:

"Upon or in anticipation of a dissolution of a commercial entity, partners, owners, or members, or any combination thereof, may agree that none of them will carry on a similar commercial activity in the geographic area where the commercial activity has been transacted."

Defendants make no such allegation that it is commercial entity that it is anticipating dissolution.  Defendants make no such allegation that Plaintiff is a partner, owner, or member in whole or part of the Defendants.  Defendant's counterclaim is not applicable to the exception as stated in Section 1(b)(6) of the Act.

16.    The Alabama Legislature and Governor enacted this law on June 11, 2015. Defendants' date on the agreement is October 15, 2015. Defendants were on notice of the new requirements necessary to draft an enforceable agreement. Defendants should not be afforded the opportunity to have this Court "blue pencil" the agreement.   Instead, Plaintiff moves this Court to dismiss Count II of the counterclaim and void the alleged restraint in its entirety.  (Ala. Code § 8-1-1, Section 4).

17.    Defendants' counterclaim seeks to enforce a non-competition that fails to adhere to any of the six exceptions permitted by Alabama Code § 8-1-1 (in effect

Jan. 1, 2016).   Plaintiffs move to dismiss Count II of Defendants' counterclaim with prejudice as the contract fails to state a claim on which relief may be granted.

*/s/ Allen D. Arnold*

_____

Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on May 3, 2016, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system of filing which will forward a copy to:

Ann McMahan          amcmahan@smgblawyers.com

*/s/ Allen D. Arnold*
_____
Of Counsel

9