UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ROBERT THOMPSON, JR., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No.:   2:16-cv-00177-JHE |
| ) | |
| BROOKSTONE BUILDING COMPANY, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants/Counterclaimants. ) | |

## MEMORANDUM OPINION[1]

Plaintiff James Robert Thompson, Jr. ("Thompson"), and Defendants Brookstone Building Company, LLC and Mike Whitcomb ("Defendants") jointly move for approval of their settlement agreement. (Doc. 28). The parties seek approval of the terms of their settlement agreement on Thompson's claims for unpaid overtime pay and Defendants' counterclaims, as well as approval of separately negotiated attorney's fees and costs to be paid to Thompson's counsel under the settlement. (*Id.* at ¶ 2). For the reasons set forth below, the Court approves the parties' settlement.

### I. Background Facts

Thompson filed this action on January 29, 2016. (Doc. 1). He alleges claims for overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* On March 21, 2016, Defendants answered the complaint, denying any noncompliance with the FLSA and asserting various affirmative defenses, and included their own counterclaim for violations of the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

1

Computer Fraud and Abuse Act and breach of a non-compete agreement. (Doc. 9). On May 3, 2016, Thompson moved to dismiss the non-compete agreement claim in Defendants' Counterclaim, which remains pending. (Doc. 19). On May 20, 2016, the parties were, on their joint motion, referred to mediation, (docs. 25 & 26), and, at the mediation, reached a settlement, the terms of which are contained in the Settlement Memorandum (the "Agreement"), (doc. 28 & 28-1). The undersigned has reviewed the Agreement.

Under the Agreement, Defendants have agreed to pay Thompson a specified amount to settle his claims for unpaid overtime and attorney's fees and costs to Thompson's counsel. The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute regarding whether Thompson is entitled to any further compensation. (Doc. 28 at 2).

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects

a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.*at 1354. In determining whether the settlement is fair and reasonable, the court should consider the following factors:

> 1. the existence of fraud or collusions behind the settlement;
> 2. the complexity, expense, and likely duration of litigation;
> 3. the stage of the proceeding and the amount of discovery completed;
> 4. the probability of success on the merits;
> 5. the range of possible recovery; and
> 6. the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Here, there is no indication of fraud or collusion. All parties were represented by counsel, and the payments take into account the likelihood of success and the amount Thompson might recover if he prevailed on his claim. Thompson's counsel has informed the Court of the damages numbers he intended to use going forward on the FLSA claim, and the settlement amount accounts for the entire amount plus liquidated damages. The payments to Thompson to settle his FLSA claims for unpaid overtime compensation and liquidated damages are fair, reasonable, and adequate.

The complexity, expense, and expected duration of continued litigation also militate in favor of this settlement. The parties continue to disagree over the merits of Thompson's claim and the amount of overtime compensation owed to him. Both parties have acknowledged to the

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Court the settlement is to avoid the expense of contested legal proceedings. The outcome of contested litigation is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly litigation. Moreover, Thompson has counterclaims pending against him that would increase the risks and costs of further litigation, including possible set-off. Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs.

This settlement occurred early in this action and before discovery; however, Thompson was a salaried employee claiming to have been misclassified, and Defendants had counterclaims pending against him, complicating the issues and making it more likely discovery would not resolve the case in a way consistent to its cost. Relying on the parties' own knowledge, they had sufficient information at this early point to enable them to make an adequate assessment of the case. In light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

Additionally, the undersigned has reviewed the proposed, separately negotiated payment of attorney's fees and costs and agrees it should be approved because it is reasonable. *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). The agreement regarding payment of Thompson's counsel's fees and costs was reached separately and without regard to the amount paid to Thompson. (Doc. 28 at 2). Thompson's counsel has informed the Court of the total fees and costs for dealing with the FLSA claims, which, included on top of the amount of claimed FLSA damages, will be fully covered by the settlement amount. Thompson's counsel is compensated adequately for the time and expense of drafting and filing

pleadings and conducting settlement negotiations, and Thompson's claims were not compromised by any deduction of attorney's fees, costs, or expenses.

### III. Conclusion

The Agreement is fair and reasonable under the circumstances. Accordingly, the settlement of the FLSA claims is **APPROVED** pending approval of the settlement in the bankruptcy court. A separate order dismissing the case will be entered after the parties notify the Court the settlement has been approved in bankruptcy.

DONE this 18th day of July 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE